IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BUDDY JACK PERRYMORE, JR.                                                                PLAINTIFF

vs.                                          Civil No. 2:13-cv-02214

CAROLYN W. COLVIN                                                                         DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Buddy Jack Perrymore, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed his original disability applications on March 13, 2008.[2] (Tr. 103-113). In these applications, Plaintiff alleges being disabled due to severe back pain; numbness in his legs and feet;

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff filed subsequent applications for disability benefits on October 10, 2011. (Tr. 226). Those applications were combined with Plaintiff's original applications, and the ALJ considered both sets of applications in his decision. (Tr. 226).

1

back pain and back injury; inability to stand, walk, and sit for long periods of time; inability to lift heavy objects; randomly falling due to pain in his lower back; anxiety; depression; swollen legs and feet; bladder control problems; and obesity. (Tr. 438). Plaintiff alleges an onset date of January 18, 2008. (Tr. 103, 109). These applications were denied initially and again upon reconsideration. (Tr. 46-49). Thereafter, on July 6, 2009, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 24-45). After that hearing, on October 19, 2009, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-23).

After being denied disability benefits, Plaintiff appealed to this Court. *See Perrymore v. SSA,* 2:11-cv-02239-BAB (ECF Nos. 12-13) (W. D. Ark. Dec. 20, 2012). Upon careful consideration of Plaintiff's claims, this Court reversed and remanded Plaintiff's case for further consideration of the *Polaski* factors, *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *Id.*

To comply with this Court's remand order, the ALJ held a second administrative hearing on April 22, 2013 in Fort Smith, Arkansas. (Tr. 245-267). At this hearing, Plaintiff was present and was represented by counsel, David Harp. (Tr. 245-267). Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.* At this hearing, Plaintiff testified he was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 248). Plaintiff also testified he did not complete high school and had not obtained his GED. *Id.*

After this hearing, on July 3, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 223-237). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 228, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 18,

2008, his alleged onset date. (Tr. 228, Finding 2). The ALJ determined Plaintiff had the following severe impairments: massive obesity complicated by a history of lower back pain without radiculopathy or another significant neurological impairment. (Tr. 228-230, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 230, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 230-236, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the full range of sedentary work. *Id.* The "full range of sedentary work" includes the following:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (DIB); 20 C.F.R. § 416.967(a) (SSI).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 236, Finding 6). The ALJ determined Plaintiff's PRW included work as an order picker at a warehouse, an overnight stocker (retail), a "palletizer," and a plastic machine operator. *Id.* Considering his RFC, the ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity for performing other work existing in significant numbers in the national economy. (Tr. 236-237, Finding 10). In making this determination, the ALJ applied Rule

3

201.25 of the Medical-Vocational Guidelines or the "Grids." (Tr. 236-237, Finding 10). Based upon this Rule, the ALJ determined Plaintiff had not be under a disability, as defined by the Act, from January 18, 2008 through the date of the his decision or through July 3, 2013. (Tr. 237, Finding 11). Thereafter, on September 18, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 8, 2013. ECF No. 11. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

4

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the following: (A) the ALJ erred in assessing the severity of his impairments; (B) the ALJ's RFC determination is inconsistent with the record; and (C) the ALJ inappropriately applied the Grids. *Id.*

In response, Defendant disputes Plaintiff's claims. ECF No. 14. Defendant argues the ALJ correctly determined Plaintiff's severe impairments, the ALJ properly considered Plaintiff's RFC, and the ALJ properly found Plaintiff was not disabled at Step Five. *Id.* Defendant also argues Plaintiff is not entitled to a reversal or a remand of his case. *Id.* The Court will address each of the three arguments Plaintiff has raised.

### A.   Severe Impairments

Plaintiff claims the ALJ erred in assessing the severity of his impairments. ECF No. 13 at 8-10. Plaintiff claims the ALJ improperly determined both that his radicular pain and his mental limitations were non-severe impairments. *Id.* In response, Defendant argues Plaintiff has not met his burden of demonstrating those allegedly severe impairments should, in fact, qualify as severe impairments. ECF No. 14 at 5-9. Upon review, the Court finds the ALJ properly assessed the severity of Plaintiff's impairments.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,*

500 F.3d 705, 707-09 (8th Cir. 2007).

In the present action, Plaintiff claims the ALJ erred in evaluating his severe impairments. ECF No. 13 at 8-10. In his opinion, the ALJ determined Plaintiff suffers from the following severe impairments: "massive obesity complicated by a history of lower back pain *without radiculopathy* or another significant neurological impairment." (Tr. 228-230, Finding 3) (emphasis added). Plaintiff claims the ALJ erred by finding his radicular pain and his mental limitations were non-severe impairments. ECF No. 13 at 8-10. The Court will address both of these claimed severe impairments.

### 1. Radicular Pain

Plaintiff claims his radicular pain is a severe impairment. ECF No. 13 at 8-10. In support of his argument that his radicular pain is a severe impairment, Plaintiff states he "has specifically been diagnosed with radicular pain on several occasions." *Id.* Upon review of these medical records, they do reference Plaintiff's "radiculopathy." (Tr. 189, 203, 220, 529). These records do not, however, demonstrate Plaintiff's radiculopathy at all impacts his "basic work activity." *Id.* Thus, Plaintiff has not met his burden of demonstrating his radicular pain is a severe impairment. *See Kirby,* 500 F.3d at 707-09 (holding "[s]everity is not an onerous requirement for the claimant to meet . . . but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing").

Further, Plaintiff's other medical records undercut his claim that he suffers from the severe impairment of radiculopathy. For instance, in April of 2009, the x-rays of Plaintiff's lumbar spine were normal; and although his CT scan revealed some stress-related changes at L5 of the lumbar spine, his examination revealed no other significant findings. (Tr. 454-464). Similarly, two years

later in April of 2011, x-rays of his lumbar spine were normal. (Tr. 531). Thus, the Court cannot find the ALJ erred by determining Plaintiff's radicular pain was non-severe.

### 2. Mental Impairments

Plaintiff claims his mental impairments, including his personality disorder, qualify as severe. ECF No. 13 at 9-10. Despite this claim, Plaintiff did not allege in either his applications for disability benefits (Tr. 438) or at the administrative hearing in this matter (Tr. 245-267) that he was disabled due to a mental impairment. Indeed, at the administrative hearing on April 22, 2013, Plaintiff alleged being disabled only due to *physical problems*: "The reason I had to stop working is because I couldn't stand up for very long, a chronic back injury or pain pushing me down. I couldn't stand up. I couldn't work." (Tr. 255).

Because Plaintiff did not allege being disabled due to his mental impairments in either his applications or at the hearing in this matter, the ALJ was not required to evaluate or to find these impairments were severe. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (holding "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993))). Thus, the Court will not evaluate this issue further.

### B. RFC Determination[3]

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 13 at 10-14. Plaintiff

---

[3] Even though Plaintiff does not raise this issue, it is worth noting that the ALJ's assessment of Plaintiff's subjective complaints as a part of his RFC determination was consistent with *Polaski*. The Court previously remanded this action to permit the ALJ the opportunity to comply with *Polaski*, and the ALJ fully complied with that directive.

specifically alleges the following: (1) the ALJ discounted the findings of his treating physician, Dr. Faisal Wasi, M.D. at Stigler Health and Wellness Center, without a sufficient basis; (2) the ALJ improperly discounted the findings of Drs. Carney, Trinidad, Cheyne, and Honghiran in assessing his physical limitations; and (3) the ALJ improperly discounted the findings of Dr. Kralik in assesing his mental limitations.  *Id.*  Plaintiff argues his alleged limitations are "clearly supported by the record" and should have been included in the ALJ's RFC determination.  *Id.* at 14.  In response, Defendant argues the ALJ fully considered all the evidence in the record in assessing Plaintiff's RFC, and the ALJ's RFC determination should be upheld.  ECF No. 14 at 9-16.

Upon review, the Court finds the ALJ properly evaluated Plaintiff's RFC.  As an initial matter, it is well-established the ALJ has the responsibility for determining a claimant's RFC based upon all relevant evidence, including the claimant's medical records, observations of the claimant's treating physicians and others, and claimant's own descriptions of his or her limitations.  *See, e.g., Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001).  In the present action, the ALJ complied with that requirement and properly considered Plaintiff's medical records prior to his determination that Plaintiff retained the capacity to perform the full range of sedentary work.  (Tr. 223-237).

       **1.**      **Findings of Dr. Wasi**

Plaintiff claims the ALJ did not fully consider and did not give the proper weight to the findings of Dr. Wasi.  ECF No. 13 at 11-12.  Plaintiff claims Dr. Wasi is his treating physician; and as such, his opinions are entitled to controlling weight.  *Id.*  In his decision, the ALJ considered– and then discounted–the findings of Dr. Wasi because his opinions were "not sufficiently supported by his treatment records and/or by the remainder of the evidence of record." (Tr. 235).  Plaintiff claims this was not a sufficient reason for discounting Dr. Wasi's opinions.  ECF No. 13 at 11-12.  Upon

review, the Court disagrees and finds this was a sufficient reason for discounting Dr. Wasi's opinions.

Indeed, Dr. Wasi's opinions regarding Plaintiff's limitations amount to little more than two checklist forms without medical support or explanation. (Tr. 214-216, 515-517). Such opinions, even from a treating physician, are not entitled to controlling weight because they are conclusory opinions. *See Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010) (affirming the ALJ's decision to discount a treating physician's opinion where that opinion was "conclusory" and "consists of three checklist forms, cites no medical evidence, and provides little to no elaboration").

Additionally, Dr. Wasi's "checklist" opinions are also not supported by Plaintiff's other medical records from Dr. Wasi. Notably, the diagnostic examinations ordered by Dr. Wasi in April of 2009 revealed only stress-related changes at L5 of the lumbar spine but no other defects. (Tr. 463-464). Further, on May 7, 2009, Dr. Wasi completed a return to work form and stated Plaintiff could return to *light duty work* with only a restriction for lifting more than twenty pounds. (Tr. 466).

### 2. Findings of Drs. Carney, Trinidad, Cheyne, and Honghiran

Plaintiff also claims the ALJ improperly considered the findings of Drs. Carney, Trinidad, Cheyne, and Honghiran. ECF No. 13 at 10-14. The Court will consider the findings of each of these doctors.

First, Dr. Traci L. Carney, M.D. evaluated Plaintiff as a part of a consultative examination. (Tr. 187-189). Despite Plaintiff's claim to the contrary, Dr. Carney's findings are consistent with the ALJ's RFC determination. Indeed, although Dr. Carney found Plaintiff had a "functional range of motion associated with pain and muscle spasms," she also found he could "[a]mbulate around 50 feet with normal speed, good balance and good heel to toe gait pattern in the office." (Tr. 189).

Because these findings are consistent with the ALJ's RFC determination, the Court finds the ALJ properly considered the opinions of Dr. Carney.

Second, Dr. Kenneth R. Trinidad, D.O. evaluated Plaintiff on October 28, 2009 as a part of a consultative examination. (Tr. 219-221). After examining Plaintiff, Dr. Trinidad found the following: "He [Plaintiff] is unable to perform any work activities at this time and, in my opinion, remains temporarily totally disabled." (Tr. 220). In his opinion, the ALJ rejected Dr. Trinidad's findings because they were "not sufficiently supported by Dr. Trinidad's report or by the evidence of record" and because "Dr. Trinidad's opinions are quite conclusory and provide very little explanation of the evidence relied on in forming the opinions." (Tr. 235).

Upon review, the ALJ was correct in discounting Dr. Trinidad's opinions because such opinions of Plaintiff's disability are reserved for the Commissioner, not Plaintiff's physician. *See, e.g., Ellis v. Barnhart,* 392 F.3d 988, 994 (8th Cir. 2005) (holding a medical source opinion that an applicant is "disabled" or "unable to work" involves an issue reserved to the Commissioner and is not the type of medical opinion to which the Commissioner gives controlling weight). Based upon this fact, the Court finds the ALJ provided sufficient reasons for discounting Dr. Trinidad opinions, and the ALJ properly discounted those opinions.

Third, Dr. Thomas E. Cheyne, M.D. evaluated Plaintiff on April 13, 2011 as a part of Plaintiff's treatment. (Tr. 529-530). After this evaluation, Dr. Cheyne ordered an MRI scan. (Tr. 527). On May 16, 2011, after Plaintiff underwent this MRI, Dr. Cheyne found it revealed "no significant disc protrusion." *Id.* Based upon this finding, Dr. Cheyne recommended Plaintiff "stay on light activity." *Id.* The ALJ considered Dr. Cheyne's findings and determined they were consistent with the RFC determination. (Tr. 232). Upon review, the Court finds these results are

consistent with the ALJ's determination that Plaintiff retains the capacity for sedentary work. Accordingly, the ALJ properly evaluated Dr. Cheyne's findings.

Fourth, Dr. Ted Honghiran, M.D. evaluated Plaintiff on October 15, 2012 as a part of a consultative examination. (Tr. 549-550). After examining Plaintiff, Dr. Honghiran found Plaintiff "has a history of having chronic back pain from morbid obesity and also bulging discs in the lower lumbar spine." (Tr. 550). In his opinion, the ALJ considered Dr. Honghiran's findings. (Tr. 235). After considering those findings, the ALJ discounted them because those findings were "without the support of objective medical evidence." *Id.* As the ALJ noted, there were no x-ray or MRI results demonstrating Plaintiff suffers from "bulging discs in the lower spine." *Id.* Based upon this finding and the fact Dr. Honghiran's findings were not supported by any x-ray or MRI results, the ALJ properly considered Dr. Honghiran's findings.

### 3. Findings of Dr. Kralik

Plaintiff claims the ALJ improperly discounted the findings of Dr. Kathleen Kralik, Ph.D. related to his mental impairments. ECF No. 13 at 13-14. Despite this claim, as noted above, Plaintiff *did not allege* being disabled due to a mental impairment. Thus, the ALJ was under no obligation to evaluate these now-alleged impairments. *See Pena v. Chater,* 76 F.3d at 909.

Even though the ALJ was not required to consider this issue, however, the Court still finds the ALJ properly considered Dr. Kralik's opinions. (Tr. 235-235). In his decision, the ALJ noted Dr. Kalik found "no evidence of a major affective, psychotic or anxiety disorder; organicity, or any type of mental symptoms of a nature of severity level such as would typically preclude participation in gainful occupational endeavors." (Tr. 235). This finding certainly supports Plaintiff's RFC determination. Also, the ALJ noted Dr. Kralik found Plaintiff was malingering or exaggerating

during this examination and, as the ALJ stated, Plaintiff "was less than fully cooperative or put forth less than maximal effort during his mental diagnostic examination." *Id.* This finding also supports the ALJ's RFC assessment. Thus, the Court finds the ALJ did not err on this issue.

### C. Application of the Grids

Plaintiff claims the ALJ erred in applying Rule 201.25 of the Grids. ECF No. 13 at 14-15. Plaintiff claims this Rule was improperly applied because he "cannot perform the full range of sedentary work." *Id.* As noted above, however, the ALJ properly determined Plaintiff could perform the full range of sedentary work. Accordingly, Plaintiff's argument that Rule 201.25 does not apply is without merit.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of September 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE